## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BAHMAN GROUP**<br>　　　No. 279, 13th Km of Karaj Makshoos Rd.<br>　　　Tehran, Iran 13999-39711<br><br>　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>**ANDREA M. GACKI**<br>**in her official capacity as**<br>　　　**Director of the**<br>　　　**United States Department of the Treasury**<br>　　　**Office of Foreign Assets Control**<br>　　　1500 Pennsylvania Avenue, NW<br>　　　Washington, D.C. 20220<br><br>　　　　　　　　　　*Defendant*,<br><br>and<br><br>**THE UNITED STATES DEPARTMENT**<br>**OF THE TREASURY, OFFICE OF FOREIGN**<br>**ASSETS CONTROL**<br>　　　1500 Pennsylvania Avenue, NW<br>　　　Freedman's Bank Building<br>　　　Washington, D.C. 20220<br><br>　　　　　　　　　　*Defendant*. | ) <br>)<br>)<br>)<br>)<br>)<br>)<br>) CIV. No. _____<br>)<br>)<br>) **COMPLAINT FOR DECLARATORY**<br>) **AND INJUNCTIVE RELIEF**<br>)<br>)<br>)<br>)<br>) ECF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Bahman Group brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC"), and OFAC's Director, Andrea M. Gacki, and in support of its complaint alleges:

**INTRODUCTION**

1.      Bahman Group has provided indisputable evidence to Defendants that its designation under Executive Order ("E.O.") 13224 was made in error and that it does not meet the criteria for designation under that authority. Since providing that information, it has patiently waited for some sort of response from OFAC. Bahman Group's patience has been in vain, as OFAC has shown no willingness to seriously entertain Bahman Group's delisting request or the rebuttal evidence provided in that request.

2.      Since providing evidence demonstrating the unlawful nature of the designation, Defendants have neither delisted Bahman Group nor undertaken actions typical of OFAC's reconsideration process, such as issuing a questionnaire or disclosing the administrative record underlying Bahman Group's designation. All the while, Bahman Group continues to face the punishing consequences of its designation as OFAC is unwilling or unable to repair its improper action.

3.      The agency's conduct here is borne out of a clear bias towards Iranian designees originating from the current administration's "maximum pressure" strategy towards Iran. According to Secretary Steven T. Mnuchin, "Iran's leaders must cease support for international terrorism, stop proliferating ballistic missiles, end destructive regional activities, and abandon their nuclear ambitions if they seek a path to sanctions relief. The maximum pressure exerted by the United States *is only going to mount from here.*" Press Release, *U.S. Government Fully Re-Imposes Sanctions on the Iranian Regime as Part of Unprecedented U.S. Economic Pressure Campaign,* U.S. Dep't of Treasury, Office of Foreign Assets Control (Nov. 5, 2018) (emphasis added). The Secretary's remarks indicate that Defendants will not relieve any sanctions pressure on Iran— including on Iranian entities such as Bahman Group—until Iran's government agrees to the

conditions set forth by the administration. As the Secretary also noted, "[the administration's] pressure campaign is designed to bring the Iranian regime to the table to achieve a much better deal than the JCPOA." Steven T. Mnuchin, *Renewed Sanctions Will Push Iran Towards a Better Nuclear Deal*, Financial Times (Nov. 5, 2018).

4. When applied to individual delisting cases, the "maximum pressure" strategy goes beyond the legal constraints under which Defendants administer their authorities. Those constraints are established, in part, by the legal criteria for designation set forth in E.O. 13224. If Bahman Group does not meet the legal criteria for designation under E.O. 13224, then Defendants lack legal grounds on which to maintain their designation.

5. Whether the Iranian government has agreed to the conditions identified by the Trump administration is irrelevant to Bahman Group's specific delisting case. The sole relevant consideration is whether Bahman Group's conduct falls within the scope of E.O. 13224's designation criteria and permits Defendants to maintain its designation. The record before Defendants makes clear that it does not. For this reason, Bahman Group now turns to the Court for relief.

## JURISDICTION AND VENUE

6. This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*., the United Nations Participation Act, 22 U.S.C. § 287c, and the Administrative Procedure Act, 5 U.S.C. §§ 555, 701, and 706. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

7.     This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. Rule 65.

8.     Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which the Defendants reside.  *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

9.     Bahman Group is and was at all times relevant to this complaint a publicly-traded company incorporated under the laws of the Islamic Republic of Iran and registered on the Tehran Stock Exchange. Bahman Group—the shares of which were transferred to Iran's private sector in or around 2016—has diversified ownership with roughly more than 60,000 shareholders at any given time. Bahman Group is the sole private automotive company listed on the Tehran Stock Exchange with the majority of its shares belonging to private sector parties. Bahman Group is located at No. 279, 13th Km of Karaj Makshoos Rd., Tehran, Iran.

10.     On October 16, 2018, Bahman Group was designated under E.O. 13224, and its name was added to the SDN List maintained and administered by OFAC.

11.     OFAC is a federal administrative agency of the U.S. Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington D.C. 20220.  OFAC is responsible for administering U.S. economic sanctions programs, including, *inter alia*, by designating persons under E.O. 13224 and regulating dealings with them under those authorities via 31 C.F.R. Parts 501 and 594, the "Reporting, Procedures, and Penalties Regulations," and the "Global Terrorism Sanctions Regulations," respectively. OFAC imposed sanctions against Bahman Group via authority delegated by the Secretary of the Treasury. 31 C.F.R. § 594.802.

12.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

### A.     OFAC's October 16, 2018 Designation of Bahman Group

13.     On October 16, 2018, OFAC designated Bahman Group under E.O. 13224 for allegedly "assisting, sponsoring, or providing financial, material, or technological support for, or financial or other services to or in support of, Andisheh Mehvaran Investment Company." 83 FED. REG. 57529 (November 15, 2018). As a result, all of Bahman Group's property and interests in property within U.S. jurisdiction are blocked, and U.S. persons are generally prohibited from engaging in any transactions or dealings with them.

14.     OFAC's press release announcing Bahman Group's designation alleged that Andisheh Mehvaran Investment Company—which was designated by OFAC on October 16, 2018 as part of the same designation action—"obtain[ed] profit from its investments in large entities such as . . . Bahman Group." Press Release, *Treasury Sanctions Vast Financial Network Supporting Iranian Paramilitary Force That Recruits and Trains Child Soldiers*, U.S. Dep't of Treasury, Office of Foreign Assets Control (Oct. 16, 2018). The press release does not provide any facts or reasoning as to how Andisheh Mehvaran Investment Company invests in Bahman Group, how it obtains profits from those investments, or how obtaining profits from investments would constitute the provision of financial support or services by Bahman Group to Andisheh Mehvaran Investment Company.

### B.     Bahman Group's Administrative Challenge to Its Designation

15.     On February 19, 2019, Bahman Group filed a request for administrative reconsideration of its designation pursuant to OFAC's delisting procedures at 31 C.F.R. § 501.807.

OFAC's delisting procedures allow designated parties to challenge their OFAC designations by arguing that: 1) the basis of their designation was in error; 2) that the circumstances have changed so as to negate the basis for the designation; or 3) by proposing remedial steps that the designated person believes would negate the basis for designation. 31 C.F.R. § 501.807(a).

16.      Bahman Group's request for reconsideration argued that there was an insufficient basis for its designation under E.O. 13224 for two reasons. Exhibit A-Bahman Group Request for Reconsideration. First, Andisheh Mehvaran Investment Company had terminated its investments, which comprised less than 0.1% of Bahman Group's outstanding shares at all relevant times, in Bahman Group prior to the designation and thus was no longer receiving any purported financial support from Bahman Group. *Id*. Thus, Bahman Group argued that it did not meet the legal criteria for designation at the time of the designation action as it was not providing material support to Andisheh Mehvaran Investment Company and that OFAC lacked any facts purporting to suggest otherwise. *Id*. Second, Andisheh Mehvaran Investment Company was not designated under—and thus not subject to—E.O. 13224 at the time that they had investments in Bahman Group. *Id*. Thus, Bahman Group could not be determined to have provided support or services to a person subject to E.O. 13224, as required by the Order.

17.      Alternatively, Bahman Group's request for reconsideration argued that there had been a change in circumstances nullifying the basis for designation as Andisheh Mehvaran Investment Company had terminated its investments in Bahman Group prior to the date of designation; and, as a result, Bahman Group could not meet the legal criteria for designation even if, at one point in time, it could have been argued that it had met that criteria. *Id*.

18.      On November 15, 2018, prior to filing its delisting request, Bahman Group filed a formal request for the administrative record underlying OFAC's decision to designate it. Exhibit

B-Bahman Group Request for Administrative Record. This request also sought an unclassified summary of classified or otherwise privileged information contained in the administrative record compiled in support of OFAC's decision to designate Bahman Group. *Id*. On November 16, 2018, OFAC acknowledged receipt of that request via email correspondence and assigned a Case ID SDGT-15415 to the request. Exhibit C-OFAC Acknowledgment.

19.     Following five months without any notice from OFAC as to when it intended to disclose a copy of the requested administrative record or a statement of reasons for the designation, Bahman Group filed a letter with OFAC demanding the release of the records at the earliest possible time. Bahman Group has not received any response from OFAC to this letter or its initial request for the records since that time. Exhibit D-Bahman Group Follow Up Letter.

20.     OFAC has also been non-responsive to Bahman Group's delisting request, as it has failed to undertake those activities typical of the reconsideration process, including, for instance, issuing a questionnaire seeking information and documents from Bahman Group to help it assess Bahman Group's claims in its request for reconsideration. OFAC's silence demonstrates that it has no intention of seriously considering the merits of Bahman Group's reconsideration case.

### C.     Harm Done to Bahman Group

21.     Defendants' action and its refusal to remediate that action have proven devastating to Bahman Group's commercial survival. Indeed, Bahman Group has been the subject of an international boycott as a result of Defendants' decision to designate it and has experienced significant difficulties conducting international trade related to its business.

22.     Defendants fully acknowledge these costs. Indeed, they are the intended effect of the sanctions imposed against Bahman Group. As Defendants have publicly stated, an OFAC designation is intended to create "professional, personal, and financial isolation" for the targeted

parties. Press Release, *U.S. Government Sanctions Organizations and Individuals in Connection with an Iranian Defense Entity Linked to Iran's Previous Nuclear Weapons Effort*, U.S. Dep't of Treasury, Office of Foreign Assets Control (March 22, 2019). In the press release accompanying Bahman Group's designation, Defendants warned that persons engaging in certain transactions with the entities designated that day expose themselves to designation, and that foreign financial institutions that knowingly facilitate significant transactions or provide significant financial services for them could be subject to certain U.S. sanctions. Press Release, *Treasury Sanctions Vast Financial Network Supporting Iranian Paramilitary Force That Recruits and Trains Child Soldiers*, U.S. Dep't of the Treasury, Office of Foreign Assets Control (Oct. 16, 2018).

23.     While the consequences of OFAC's designation have been devastating for Bahman Group, they could be mitigated to some extent if Defendants would act diligently with respect to its reconsideration request, rather than ignoring it.

## LEGAL CLAIMS

## COUNT I

DEFENDANTS' FAILURE TO RENDER A DECISION ON BAHMAN GROUP'S RECONSIDERATION CASE DESPITE INDISPUTABLE EVIDENCE THAT BAHMAN GROUP DOES NOT MEET THE LEGAL CRITERIA FOR DESIGNATION UNDER E.O. 13224 CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT

24.     Bahman Group re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

25.     The Administrative Procedure Act ("APA") requires agencies "to conclude a matter presented to it . . . [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b).

26. Under the APA, reviewing courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

27. Defendants' failure to render a decision on Bahman Group's reconsideration request, despite having indisputable evidence in its possession that Bahman Group does not meet the legal criteria for designation, constitutes unreasonable delay under the APA. Bahman Group will continue to suffer the consequences of Defendant's unlawful action, including the possible collapse of its business, so long as Defendants persist in refusing to entertain its delisting request.

**COUNT II**

DEFENDANTS' FAILURE TO RENDER A DECISION ON BAHMAN GROUP'S RECONSIDERATION REQUEST DESPITE INDISPUTABLE EVIDENCE THAT BAHMAN GROUP DOES NOT MEET THE LEGAL CRITERIA FOR DESIGNATION UNDER E.O. 13224 CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

28. Bahman Group re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

29. Under the APA, agencies are required "to conclude a matter presented to it . . . [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b).

30. Under the APA, "agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act*." 5 U.S.C. § 706(1) (emphasis added). Courts are required to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). In rendering its decision as to whether an agency has acted unlawfully, the court reviews the "whole record" before the agency. 5 U.S.C. § 706(2).

31.     Defendants' failure to act on Bahman Group's reconsideration request, despite having evidence in its possession that it does not meet the legal criteria for designation under E.O. 13224, constitutes agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA. Specifically, Bahman Group has presented information and documents to Defendants clearly showing that Defendants acted unlawfully in designating Bahman Group and in failing to delist it.

### COUNT III

**DEFENDANTS' DECISION TO DESIGNATE BAHMAN GROUP UNDER E.O. 13224 CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION AS BAHMAN GROUP DID NOT MEET THE LEGAL CRITERIA FOR DESIGNATION**

32.     Bahman Group re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

33.     Under the APA, courts are required to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

34.     OFAC designated Bahman Group under § 1(d)(i) of E.O. 13224 for allegedly "assisting in, sponsoring, or providing financial, material, technological support for, or financial or other services to or in support, Andisheh Mehvaran Investment Company, a person determined to be subject to E.O. 13224." 83 Fed. Reg. 57529 (November 15, 2018).

35.     Section 1(d)(i) of E.O. 13224 permits the Secretary of the Treasury to designate any person determined "to assist in, sponsor, or provide financial, material, or technological support for, or financial or other services to or in support of, . . . those persons . . . determined to be subject to [E.O. 13224] . . ."

36.     At the time of Bahman Group's designation, Andisheh Mehvaran Investment Company was not a person determined to be subject to E.O. 13224, nor was Bahman Group providing them with any support or services—investment-related or otherwise.

37.     Further, it was Andisheh Mehvaran Investment Company that invested in Bahman Group. Thus, if anything, Andisheh Mehvaran Investment Company was providing support and financial services to Bahman Group. Even if OFAC's allegation is viewed in the light most favorable to the agency, Bahman Group merely provided dividend payments in response to the support and services it received from Andisheh Mehvaran Investment Company.

38.     For these reasons, OFAC does not have evidence that Bahman Group's assistance, sponsorship, or provision of financial, material, or technological support for, or financial or other services to or in support of, a person determined to be subject to E.O. 13224. Thus, OFAC's designation of Bahman Group is not in accordance with law, as Bahman Group did not meet the legal criteria for designation.

## COUNT IV

DEFENDANTS' DECISION TO DESIGNATE BAHMAN GROUP UNDER E.O. 13224 VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AS BAHMAN GROUP LACKED FAIR NOTICE THAT ANDISHEH MEHVARAN INVESTMENT COMPANY WAS A PERSON DETERMINED TO BE SUBJECT TO E.O. 13224

39.     Bahman Group re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

40.     Under the Fifth Amendment to the U.S. Constitution, Bahman Group has a due process right to fair notice before being deprived of property. Fair notice requires that Defendants make parties aware of the conduct that is sanctionable under E.O. 13224.

41.     Bahman Group lacked any fair notice that its alleged provision of material support to Andisheh Mehvaran Investment Company could subject it to sanctions under E.O. 13224, as—

at the time of its designation—Andisheh Mehvaran Investment Company was not a person determined to be subject to E.O. 13224.

## COUNT V

DEFENDANTS' FAILURE TO PROVIDE BAHMAN GROUP WITH ADEQUATE NOTICE AS TO THE REASONS FOR ITS DESIGNATION UNDER E.O. 13224 VIOLATES BAHMAN GROUP'S DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

42.     Bahman Group re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

43.     Bahman Group is granted the right to petition Defendants for administrative reconsideration of its designation pursuant to OFAC's delisting procedures. 31 C.F.R. § 501.807.

44.     Under the Fifth Amendment to the U.S. Constitution, Bahman Group has a due process right to adequate post-designation notice. Sufficient notice requires that Defendants fully apprise Bahman Group as to the bases, conclusions, and reasons for its designation so that Bahman Group has a meaningful opportunity to respond to the designation. This should include all of the bases, conclusions, and reasons for which Bahman Group was designated.

45.     Defendants have not provided sufficient notice for their determination that Bahman Group meets the criteria for designation under E.O. 13224. Defendants have not provided a full statement of reasons underlying their decision to designate Bahman Group under E.O. 13224 and have failed to provide sufficient detail or evidence to permit Bahman Group to meaningfully rebut OFAC's conclusory allegations. Defendants have repeatedly failed to respond to Bahman Group's requests for the provision of sufficient notice through disclosure of the administrative record compiled in support of OFAC's designation action.

46.     Defendants have failed to provide Bahman Group with adequate and fair notice of the reasons for its designation under E.O. 13224. Thus, Defendants have acted in violation of Bahman Group's due process rights under the Fifth Amendment to the U.S. Constitution.

### COUNT VI

DEFENDANTS' FAILURE TO PROVIDE BAHMAN GROUP WITH ADEQUATE NOTICE AS TO THE REASONS FOR ITS DESIGNATION VIOLATES BAHMAN GROUP'S DUE PROCESS RIGHTS UNDER THE ADMINISTRATIVE PROCEDURE ACT

47.     Bahman Group re-alleges and incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

48.     Bahman Group is granted the right to petition Defendants for administrative reconsideration of its designation pursuant to OFAC's delisting procedures. 31 C.F.R. § 501.807.

49.     Bahman Group has an administrative due process right to adequate post-designation notice consistent with its right to request administrative reconsideration of its OFAC designation. That notice requires Defendants to provide Bahman Group with the reasons for its decision to designate Bahman Group, including, for instance, by permitting Bahman Group access to the administrative record underlying its designation.

50.     Defendants have failed to provide Bahman Group with the reasons for its decision to designate it. As Bahman Group has been denied access to the bases, conclusions, and findings for its designation under E.O. 13224, Defendants have failed to provide it with adequate notice and have thus violated its due process rights under the APA.

### RELIEF REQUESTED

WHEREFORE, Bahman Group respectfully requests that this Court:

A.   Declare and/or order Defendants to rescind Bahman Group's designation under E.O. 13224 and remove its name from the OFAC Specially Designated Nationals and Blocked Persons ("SDN") List;

B.   Order Defendants to issue a written, reasoned decision on Bahman Group's pending reconsideration request regarding its designation under E.O. 13224;

C.   Order Defendants to disclose a full and sufficiently detailed statement of reasons as to OFAC's decision to designate Bahman Group so as to permit it a meaningful opportunity to challenge its designation under E.O. 13224;

D.   Grant an award to Bahman Group of his costs and attorneys' fees under the Equal Access to Justice Act, 28, U.S.C. § 2412 *et seq.*, and any other applicable provision of law; and

E.   Any other and further relief as the Court may deem proper.


Dated: July 8, 2019


Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
DC Bar No. 978253

*Counsel for Plaintiff*
*Bahman Group*