IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BAHMAN GROUP, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | Civil Action No. 1:19-cv-2022 (RDM) |
| | ) | |
| ANDREA GACKI, *in her official capacity as* | ) | |
| *Director of the U.S. Department of the Treasury* | ) | |
| *Office of Foreign Assets Control*; U.S. | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| OFFICE OF FOREIGN ASSETS CONROL; | ) | |
| | ) | |
| *Defendants*. | ) | |

**NOTICE OF THE ANTICIPATED BASES FOR DEFENDANTS' PROPOSED
COMBINED MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

By Order dated December 27, 2019, the Court directed Defendants to file a short notice

"setting forth the basis for [their] anticipated combined motion to dismiss and motion for

summary judgment, including the legal standards and the claims at issue." The instant filing is

submitted in compliance with this directive.[1]

### SUMMARY OF DEFENDANTS' ANTICIPATED ARGUMENTS IN SUPPORT OF A PROPOSED COMBINED MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

**I.      Counts V and VI Fail Because Plaintiff Cannot Assert Constitutional Rights, And Was in Any Event Afforded Sufficient Notice of the Basis of Its Re-Designation.**

Counts V and VI of the Second Amended Complaint ("SAC"), Dkt. No. 13, allege that

Plaintiff received insufficient notice of the reasons supporting its re-designation, citing the Fifth

Amendment (Count V), *see* SAC ¶¶ 61-65, and the Administrative Procedure Act ("APA")

(Count VI), *see id.* ¶¶ 66-70. Defendants will seek dismissal and/or the entry of summary

judgment with respect to both claims.

**A.      Plaintiff Is a Foreign Entity to Which the Fifth Amendment Does Not Apply.**

Count V fails because Plaintiff is a foreign entity with insufficient connections to the U.S.

to raise any claims or rights under the U.S. Constitution. "The Supreme Court has long held that

non-resident aliens who have insufficient contacts with the United States are not entitled to Fifth

Amendment protections." *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004) (collecting cases).

As the D.C. Circuit has explained:

> A foreign entity without property or presence in this country has no
> constitutional rights, under the due process clause or otherwise. . . . No one
> would suppose that a foreign nation had a due process right to notice and a

---

[1] To comply with the Court's Order, Defendants have omitted the procedural background, which is set forth in various previous filings, *see* Dkt. Nos. 5, 6, 9, 11, as well an overview of the legal regime pursuant to which the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC") imposes economic sanctions. Defendants have further made a good-faith effort to set forth the principal arguments they anticipate raising in their intended dispositive motion, but this summary should not be construed as a waiver of any additional arguments which may be applicable to Plaintiff's claims, but cannot be reasonably anticipated.

hearing before the Executive imposed an embargo on it for the purpose of coercing a change in policy.

*People's Mojahedin Org. of Iran v. Dep't of State*, 182 F.3d 17, 22 (D.C. Cir. 1999) ("*PMOI I*");

*see also*, *e.g.*, *32 County Sovereignty Comm. v. Dep't of State*, 292 F.3d 797, 799 (D.C. Cir.

2002) (same). Here, Plaintiff is a foreign company with no alleged physical presence or property

in the United States. SAC ¶ 17. It cannot assert any constitutional rights, and Count V should be

dismissed pursuant to Rule 12(b)(6).[2]

**B.**   **Neither Due Process Nor the APA Require the Provision of Classified Information.**

Plaintiff contends that both due process and the APA require OFAC to, *inter alia*,

"provid[e] [it] with sufficiently detailed unclassified summaries in lieu of the redacted portions

of the administrative record," and/or permit a "cleared" counsel (whose name is not specified)

access to the full, unredacted administrative record. *Id.* ¶ 63; *id.* ¶ 69 (similar). No such

requirement exists. The D.C. Circuit has repeatedly held that "due process require[s] the

disclosure of *only* the unclassified portions of the administrative record." *Fares v. Smith*, 901

F.3d 315, 324 (D.C. Cir. 2018) (quoting *People's Mojahedin Org. of Iran v. Dep't of State*, 327

F.3d 1238, 1242 (D.C. Cir. 2003) ("*PMOI II*")); *see also, e.g. Jifry*, 370 F.3d at 1183-84

(similar). Likewise, as a statutory matter, the International Emergency Economic Powers Act

("IEEPA")—pursuant to which E.O. 13224 (as amended), was issued, and Plaintiff's October

2019 re-designation was made—expressly authorizes OFAC to rely upon classified information

in an administrative record to support a designation. 50 U.S.C. § 1702(c) ("[I]f the determination

was based on classified information . . . such information may be submitted to the reviewing

---

[2] The Court could also view the deficiency with Plaintiff's constitutional claim as a Rule 12(b)(1) problem of standing, *i.e.*, that Plaintiff, as a foreign entity with no connections to the United States, lacks a cognizable legal interest permitting it to assert claims based on constitutional protections.

court *ex parte* and *in camera*"); *Al-Aqeel v. Paulson*, 568 F.Supp.2d 64, 72-73(D.D.C. 2008)

(same for law enforcement sensitive information). And while the APA requires OFAC to provide

Plaintiff with the administrative record underlying its designation once a lawsuit is filed, *cf.*

*Camp v. Pitts*, 411 U.S. 138, 142 (1973), the APA does not entitle Plaintiff to the classified or

otherwise protected portions of that record—and Plaintiff identifies no provision to the contrary.

*See, e.g.*, *Sulemane v. Mnuchin*, No. 16-cv-1822 (TJK), 2019 WL 77428 at *7 (D.D.C. Jan. 2,

2019). Accordingly, Plaintiff's claimed entitlement to classified and law enforcement privileged

information lacks legal basis, both under the Fifth Amendment (to the extent, *arguendo*, that it

applies), and the APA.

### C.      OFAC Provided Plaintiff With Sufficient Notice.

In any event, the administrative record, including the unclassified summaries of classified

information in the evidentiary memorandum, provides sufficient notice of the reasons supporting

Plaintiff's October 2019 re-designation, and satisfies any notice obligation owed to Plaintiff,

under either the Constitution or the APA. Defendants will move, in the alternative, for the entry

of summary judgment in their favor as to both Counts V and VI.

The unclassified administrative record establishes that in 2011, Plaintiff's largest and

controlling shareholder was the Islamic Revolutionary Guards Corp ("IRGC") Cooperative

Foundation ("IRGCCF"), an entity designated pursuant to E.O. 13382 in 2010. AR 0093.  OFAC

assesses that the provision of financial resources to the IRGCCF amounts to the provision of

financial assistance to the IRGC itself. *Id.* The record also demonstrates that as of 2016, the

IRGC—which was subsequently designated pursuant to E.O. 13224 in October 2017—

"generated the equivalent of millions of dollars in profit from its investment" in Plaintiff, and

"fully-controlled [sic] and invested in" Plaintiff. *Id*. OFAC thus assessed that Plaintiff "has

materially assisted, sponsored, or provided financial, material, or technological support for … the

IRGC, a person whose property and interests in property are blocked pursuant to E.O. 13224, as

amended." AR 8. Plaintiff's own Complaint reflects its understanding of these points. *See* SAC ¶

7 ("Those portions of the administrative record disclosed to Bahman Group … indicate that

Bahman Group was re-designated for having provided financial support to the [IRGC] through

the [IRGCCF's] purported holdings in Bahman Group."). Plaintiff thus enjoys "a meaningful

opportunity to respond" to OFAC's re-designation SAC ¶63, and can "make use of the

reconsideration process," *id.* ¶ 69, should it so choose to do so.[3] The Court should thus

alternatively grant summary judgment to Defendants on Counts V and VI.

## II.     Counts I, III and IV Misread E.O. 13224, As Amended, and Fail to State a Claim.

Defendants also intend to move to dismiss Counts I, III, and IV—all brought under the

APA and identical in substance—pursuant to Rule 12(b)(6). The gravamen of each of these

claims appears to be Plaintiff's theory that, because the IRGC was not itself designated until

October 2017, evidence that Plaintiff provided the IRGC with financial support "[a]s of 2016,"

AR 0093, cannot lawfully support its designation. *See* SAC ¶ 48 ("Based on the factual

allegations leveled by OFAC, Bahman Group did not provide support or services to a person

blocked by E.O. 13224, as neither the IRGC nor the IRGC Cooperative Foundation were blocked

persons … at the time of Bahman Group's alleged conduct."). According to Plaintiff, its re-

designation is therefore "pretextual,", *id.* ¶¶ 12, 49, 54, 57, and "does not meet the legal criteria

for designation," *id.* ¶ 60; *see also id.* ¶¶ 48, 57 (materially identical allegations).

---

[3] Plaintiff alleges that "OFAC is aware that all purported IRGC-related investments in Bahman Group ceased as of 2016," SAC ¶ 10, *see also id.* ¶ 51. This allegation is not plausibly alleged, and it has no support in the administrative record—and thus, for purposes of Defendants' forthcoming summary judgment motion, need not and should not be accepted on its face. Should Plaintiff wish to prove this alleged fact to OFAC, it may do through the existing administrative reconsideration process.

These arguments fail on their face. First, Plaintiff's own pleading itself acknowledges that the IRGCCF has been designated since 2010. SAC ¶ 37; *see also* AR 0007. Further, the argument that the IRGCCF was not a blocked entity under E.O. 13224 "at the time of Bahman Group's alleged conduct," SAC ¶ 48, simply illustrates Plaintiff's misunderstanding of IEEP and E.O. 13224, as neither authority restricts OFAC in the way Plaintiff asserts. *See* E.O. 13224 § 1(a)(iii)(C) (as amended Sept. 9, 2019) (OFAC may designate for sanctions any person or entity it determines "to have materially assisted, sponsored, or provided financial, material, or technological support for … any person whose property and interests in property are blocked" pursuant to E.O. 13224, as amended).

Here, the record demonstrates that Plaintiff has provided material support to the IRGC, an entity designated under E.O. 13224. Plaintiff's designation for its conduct involving the IRGC is therefore plainly lawful under E.O. 13224 (as amended), and the Court should dismiss Counts I, III, and IV—each of which hinges on a misreading of the relevant law—under Rule 12(b)(6).[4] Alternatively, the Court should enter summary judgment for Defendants on these claims on the basis of the substantial evidence in administrative record supporting the re-designation action.[5]

---

[4] Insofar as Count III additionally requests that the Court review Defendants' re-designation determination *de novo*, SAC ¶ 56, this request should also be denied. Plaintiff appears to invoke 5 U.S.C. § 706(2)(F), which provides that a court may "set aside agency action … found to be … unwarranted by the facts *to the extent that* the facts are subject to trial de novo by the reviewing court." (emphasis added). However, the Supreme Court has restricted such review to: (1) "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate," and (2) when "issues that were not before the agency are raised in a proceeding to enforce non-adjudicatory agency action." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971);. Such review under the APA is "'extraordinary and rare'"—so much so, in fact, that the D.C. Circuit has "never done so." *Epsilon Elecs., Inc. v. Dep't of Treasury*, 857 F.3d 913, 918-19 (D.C. Cir. 2017) (quoting *Zevallos v. Obama*, 793 F.3d 106, 112 (D.C. Cir. 2015)). The Court should dismiss Count III for this additional reason as well.

[5] As OFAC's re-designation decision was based in part on classified and law enforcement sensitive information, Defendants intend to lodge with the Court, on an *ex parte*, *in camera* basis, a copy of the unredacted record, as well as an affidavit explaining their assertions of the law enforcement privilege, when the parties file the joint appendix required by Local Civil Rule 7(n). *See* 50 U.S.C. § 1702(c).

Any of Plaintiff's cited procedural errors would be harmless, as the record amply reflects the appropriateness of Plaintiff's re-designation.  See *FBME Bank Ltd. v. Lew*, 209 F. Supp. 3d 299, 321-22 (D.D.C. 2016); *Zevallos v. Obama*, 10 F. Supp. 3d 111, 131-32 (D.D.C. 2018), *aff'd*, 793 F.3d 106 (2015); *Kadi v. Geitner*, 42 F. Supp. 3d 1, 29 (D.D.C. 2012).

### III.      Count II Fails Because OFAC Has Not Unlawfully Withheld Any Action.

Finally, Defendants also intend to move to dismiss Count II, also pled under the APA, under both Rule 12(b)(1) and (6). Initially, insofar as this claim again alleges that Plaintiff's re-designation was "entirely pretextual," SAC ¶ 54, it duplicates Counts I, III, and IV, and should be dismissed for the same reasons as discussed above. Beyond this redundancy, Count II appears to allege that OFAC's rescission of Plaintiff's *original* designation was "unlawfully withheld" under 5 U.S.C. § 706(1) ("§ 706(1)"). SAC ¶ 54.  A claim under § 706(1) can proceed only where a plaintiff properly alleges that "an agency failed to take a *discrete* agency action that it is *required to take.*" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

This claim must necessarily fail as moot.  OFAC has issued its decision regarding Plaintiff's rescission petition (and Plaintiff has determined to proceed with the instant litigation in lieu of renewing any further administrative petitions). Thus, as this Court has previously held in materially identical circumstances: "OFAC has issued its decision regarding [Plaintiff's] designation—it has continued to list [it] as [a designated entity]. Though that is not the result [Plaintiff] hoped for, it is still a decision. All this Court can do is 'compel agency action ... unreasonably delayed,' *i.e.*, compel OFAC to issue *a* decision—which it has already done." *Zevallos v. Obama*, 10 F. Supp. 3d 111, 123 (D.D.C. 2014), *aff'd*, 793 F.3d 106 (D.C. Cir. 2015). Accordingly, insofar as stands alone, Count II is moot and must be dismissed.

Respectfully submitted,

6

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

DIANE KELLEHER
Assistant Branch Director

/s/

Antonia Konkoly
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 514-2395 (direct)
(202) 616-8470
antonia.konkoly@usdoj.gov

*Counsel for Defendants*

DATED: January 9, 2020