UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BAHMAN GROUP,

    *Plaintiff*,

v.

ANDREA M. GACKI, *et al.*,

    *Defendants*.

No. 19-cv-2022 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Bahman Group seeks to supplement the administrative record of the proceeding that led to the Office of Foreign Assets Control's ("OFAC") decision to designate it as a Specially Designated National and to add it to the Blocked Persons List pursuant to Executive Order 13224. Dkt. 19. Although the administrative decision that Plaintiff challenges is based upon the agency's conclusion that Plaintiff "materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of, the Islamic Revolutionary Guard Corps" ("IRGC"), Dkt. 21-1 at 17–18, Plaintiff seeks to add materials assembled in an earlier designation and blocking proceeding that was premised on Plaintiff's support for an Iranian company, Andisheh Mehvaran Investment Company ("Andisheh Mehvaran"), which was designated at the same time, *id.*, Dkt. 21-3 at 5. OFAC opposes Plaintiff's motion, arguing that the materials pertaining to the earlier designation are unrelated to the designation at issue here, which is based solely on Plaintiff's alleged support for the IRGC. Dkt. 22.

Upon consideration of Plaintiff's motion to supplement the administrative record, Dkt. 21, Defendants' opposition, Dkt. 22, and Plaintiff's reply, Dkt. 23, the Court will **DENY** Plaintiff's motion to supplement the record.

## I.  BACKGROUND

On October 16, 2018, OFAC designated and blocked Plaintiff pursuant to Executive Order 13224 based on its support for Andisheh Mehvaran.  Dkt. 6 at 1.  On February 19, 2019, Plaintiff filed a request with OFAC for administrative reconsideration of that designation, Dkt. 1 at 5 (Compl. ¶ 15), and on July 7, 2019 Plaintiff filed the instant action challenging the designation.  Dkt. 1.  Plaintiff's administrative request for reconsideration was supported by evidence that Andisheh Mehvaran had terminated its investment in Plaintiff prior to OFAC's original designation.  *See generally* Dkt. 21-3; *see also id*. at 5 ("An insufficient basis exists for [Plaintiff's] designation, as [Andisheh Mehvaran] had terminated its investment in [Plaintiff] prior to OFAC's designation action and was thus no longer receiving financial support from [Plaintiff] at that time.").  On October 10, 2019, OFAC informed Plaintiff (1) that its designation based on its support for Andisheh Mehvaran had been rescinded and (2) that it had been re-designated, this time based on its support for the IRGC.  Dkt. 21-4 at 1.

The parties agreed that the re-designation "supersede[d] the original, former designation that [was] the subject of Plaintiff's [then-pending] [c]omplaint."  Dkt. 6 at 2.  Given this development, Plaintiff amended its complaint, *see* Dkt. 8; Dkt. 13, and OFAC "prepar[ed] a redacted version of the administrative record underlying the new designation," Dkt. 6 at 2; *see also* Dkt. 10.  Plaintiff now seeks to supplement the administrative record relating to the second designation with materials from the earlier designation proceeding, Dkt. 21; Dkt. 23, and OFAC opposes that motion, Dkt. 22.

2

## II.  ANALYSIS

Judicial review of the lawfulness of an agency's decision under 5 U.S.C. § 706 must be "based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).  "Courts in this Circuit have 'interpreted the "whole record" to include "all documents and materials that the agency "directly or indirectly considered" . . . [and nothing] more nor less."'" *Bimini Superfast Operations LLC v. Winkowski*, 994 F. Supp. 2d 103, 105 (D.D.C. 2014) (citing cases).  "If the . . . agency decisionmakers considered, even indirectly, any . . . materials in reaching [the relevant] decision, those materials should be included in the record." *Id.* (citation and emphasis omitted).  An agency, moreover, "may not exclude information from the record simply because it did not 'rely' on the excluded information in its final decision." *Id.* (citation omitted).

"Supplementation of the administrative record is the exception [and] not the rule." *Conservation Force v. Salazar*, No. 10-1262, 2012 WL 11947683, at *2 (D.D.C. Feb. 6, 2012). "[A]bsent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity[] that it properly designated the administrative record." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006).  The agency is entitled to this presumption because "courts [must] base their review of an agency's actions on the materials that were before the agency at the time its decision was made," *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997), and the agency is best situated to know what materials were before it when it acted, *see Pac. Shores*, 448 F. Supp. 2d at 5.  Supplementation is appropriate "(1) if the agency 'deliberately or negligently excluded documents that may have been adverse to its decision,' (2) if background information [is] needed 'to determine whether

3

the agency considered all the relevant factors,' or (3) if the 'agency failed to explain administrative action so as to frustrate judicial review.'" *City of Dania Beach v. Fed. Aviation Admin.*, 628 F.3d 581, 590 (D.C. Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). Here, Plaintiff invokes only the first of these exceptions, *see* Dkt. 21-1 at 12, but it has failed to carry its burden of presenting "concrete evidence," *Nat'l Mining Ass'n v. Jackson*, 856 F. Supp. 2d 150, 156 (D.D.C. 2012) (quoting *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010)), sufficient to override the "strong presumption" that OFAC properly assembled the administrative record for its October 10, 2019 decision designating Plaintiff based on its support for the IRGC, *Pac. Shores*, 448 F. Supp. 2d at 5.

According to Plaintiff, at the time OFAC decided to re-designate Plaintiff based on its relationship with the IRGC, the agency must have considered materials pertaining to OFAC's earlier decisions to designate and then to rescind the designation of Plaintiff based upon the company's relationship with Andisheh Mehvaran. Dkt. 21-1 at 12–13. The only evidence that Plaintiff offers in support of that contention, however, is the October 10, 2019 letter in which OFAC informed Plaintiff that it was (1) rescinding the Andisheh Mehvaran designation, and (2) re-designating Plaintiff based on its relationship with the IRGC.[1] *Id.* at 6–7, 12–13. In

---

[1] In its reply brief, Plaintiff raises for the first time a distinct argument—that OFAC's initial designation based on Plaintiff's relationship to Andisheh Mehvaran and the agency's second designation based on Plaintiff's relationship with IRGC "are both derivative of [Plaintiff's] alleged relationship with the IRGC," and, therefore, documents considered in designating [Plaintiff] the first time "would be obviously relevant to [Plaintiff's] re-designation." Dkt. 23 at 17. The Court need not consider this argument because it was raised for the first time in the reply brief. *United States v. Apodaca*, 251 F. Supp. 3d 1, 5 (D.D.C. 2017). But, even had Plaintiff timely raised the argument, the Court would be unpersuaded because, as Plaintiff acknowledges, Dkt. 23 at 17–18, the mere fact that certain materials are relevant to a decision does not mean that they were considered by the agency in rendering its decision. *See Cape Hatteras Access Preservation Alliance v. U.S. Dep't of Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) (concluding that a report was not "actually before the agency when it made its current decision" even though that report was "heavily relied upon" in developing other

Plaintiff's view, that letter demonstrates that OFAC, in fact, made only one decision—to rescind and to re-impose the designation—and the administrative record for that one agency action includes materials relating to (1) the original designation, (2) the reconsideration and rescindment of that designation, and (3) the imposition of a new designation. *Id.* at 13. The Court is unpersuaded.

> The October 10, 2019 letter states that OFAC "re-opened its determination" and
>
> initiated a thorough new investigation into Bahman Group and duly considered all of the information provided by Bahman Group to OFAC, including all of the information you provided with your request for reconsideration . . . . OFAC's reconsideration has resulted in a final agency action based upon a new administrative record.
>
> Specifically, on October 10, 2019, OFAC rescinded Bahman Group's designation [for its support of Andisheh Mehvaran]. Concurrently, OFAC has re-designated Bahman Group pursuant to E.O. 13224 [for its support of IRGC].

Dkt. 21-4 at 1. Although the letter simultaneously notified Plaintiff of the rescindment of OFAC's earlier designation and the agency's "[c]oncurrent[]" re-designation, *id.*, the letter does not constitute clear evidence that the materials considered in deciding to rescind the earlier designation were also considered, either directly or indirectly, in OFAC's decision to re-designate Plaintiff based on its financial support for an entirely different entity, the IRGC. To be sure, there is reason to believe that the two decisions were linked in the sense that OFAC apparently designated Plaintiff based on its ties to the IRGC only upon concluding that the agency's earlier effort to designate Plaintiff based on its ties to Andisheh Mehvaran was flawed. But that does not mean that OFAC considered records pertaining to the earlier designation in evaluating whether Plaintiff impermissibly supported the IRGC. At most, it means that OFAC

---

materials that were before the agency and was referenced by other materials considered by the agency).

5

had no reason to decide whether Plaintiff's relationship with the IRGC necessitated designation until after the agency decided to rescind its earlier designation. That sequential relationship, however, is already evident from the administrative record—the letter itself reflects the connection. *See id.* What the letter does not reflect and what Plaintiff has failed to show, however, is that OFAC considered any of the underlying materials relating to the Andisheh Mehvaran designation when it made the IRGC designation.

The evidence that OFAC has offered, moreover, supports the agency's conclusion— embodied in the designation of the administrative record—that the two agency actions were distinct and that OFAC did not consider the Andisheh Mehvaran record in its re-designation investigation or decision. The agency issued separate administrative decisions (1) unblocking and delisting Plaintiff based on its relationship with Andisheh Mehvaran, Dkt. 22-1 at 2, and (2) blocking and listing Plaintiff based on its relationship with the IRGC, Dkt. 22-2 at 2–3. The latter decision recites that Director of OFAC made the determination "in consultation with the Secretary of State, the Attorney General, and the Secretary of Homeland Security [and] that there is reason to believe that . . . the attached evidentiary memorandum (SDGT-16714) . . . meets one or more criteria for designation." *Id.* at 2. The unclassified administrative record relating to the re-designation, moreover, relies on facts unrelated to the agency's prior designation decision. *See* Dkt. 10-3. Although heavily redacted, the supporting memorandum explains that "[i]nformation presented in [the] memorandum and the accompanying exhibits provides reason to believe that [Plaintiff] has materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of, the [IRGC], a person whose property and interests in property are blocked pursuant to E.O. 13224, as amended," and, in particular, that "the largest and controlling shareholder of [Plaintiff] is listed as IRGC

6

COOPERATIVE FOUNDATION." *Id.* at 6, 8.  The existing administrative record further explains:

> In 2011 the largest and controlling shareholder of BAHMAN GROUP was IRGC COOPERATIVE FOUNDATION, which held more than 40% of BAHMAN GROUP's shares.  In 2011, BAHMAN GROUP shareholders received payouts (dividends) of 404 Iranian rials per share.  OFAC concludes that based on the shareholder payout of 404 Iranian rials per share and the fact that IRGC COOPERATIVE FOUNDATION holds over 40% (more than 1.5 billion shares) of BAHMAN GROUP shares, BAHMAN GROUP likely paid IRGC COOPERATIVE FOUNDATION more than 645 billion Iranian rials in 2011.
>
> As of 2016, the ISLAMIC REVOLUTIONARY GUARD CORPS generated the equivalent of millions of dollars in profits from its investment in BAHMAN GROUP.
>
> As of 2016, the ISLAMIC REVOLUTIONARY GUARD CORPS fully[] controlled and invested in BAHMAN GROUP.

*Id.* at 84.

The parties disagree about whether the existing factual predicate is sufficient to support OFAC's determination.  *Compare* Dkt. 14 *to* Dkt. 15.  For present purposes, however, that is not the question before the Court.  The question, instead, is whether Plaintiff has carried its burden of showing that, when OFAC rendered its most recent listing determination, it considered any of the materials Plaintiff seeks to add to the administrative record.  The answer to that question is "no."  Notwithstanding Plaintiff's contention that "there exists 'reasonable, non-speculative grounds [for Plaintiff's belief] that the documents [at issue] were considered by the agency and not included in the record," Dkt. 23 at 15 (quoting *Nat'l Mining Ass'n*, 856 F. Supp. 2d at 156), nothing in the existing record, the determination itself, or in Plaintiff's submissions provides "concrete evidence that the documents [Plaintiff] seeks to 'add' to the record were actually before the decisionmakers," *Nat'l Mining Ass'n*, 856 F. Supp. 2d at 156 (citation omitted).

7

Plaintiff argues in the alternative that, if OFAC did not consider the documents at issue when it rendered its most recent listing determination, the agency's failure to consider "information in its possession" was "inappropriate." Dkt. 21-1 at 17. But, as Plaintiff acknowledges in its reply brief, *see* Dkt. 23 at 17–18, arguments regarding what documents an agency *should have* considered is not the proper subject for a motion to supplement the record. Rather, as OFAC acknowledges in its opposition brief, *see* Dkt. 22 at 14 (quoting *Conservation Force*, 2012 WL 11947683, at *5), Plaintiff may eventually argue in its merits brief that the agency's failure to consider materials that were in its possession renders the agency's decision arbitrary or capricious for purposes of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

## CONCLUSION

For these reasons, the Court hereby **DENIES** Plaintiff's motion to supplement the record, Dkt. 21.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: July 29, 2020